UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| THOUCHARIN RUTTANAMONGKONGUL, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. 7:25-cv-00015-RDP-NAD |
| FCI ALICEVILLE, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On January 7, 2026, the Magistrate Judge entered a Report and Recommendation, recommending that the court dismiss this petition for habeas relief without prejudice because the court lacks jurisdiction over Petitioner Thoucharin Ruttanamongkongul's claim. (Doc. 17). The Magistrate Judge advised the parties of their right to file objections to the Report and Recommendation within fourteen days (Doc. 17 at 6-7), and on January 22, 2026, the court received Petitioner's timely objections.[1] (Doc. 18).

Petitioner objects to the conclusion that this court lacks jurisdiction to order she be provided a hearing in front of an immigration judge. (Doc. 18 at 1-2). Petitioner asserts that the failure to receive a hearing prior to entry of the final administrative removal order violates her due process rights. (Doc. 18 at 1-3). But, as set forth in the Report and Recommendation, the only

---

[1] These objections were labeled by Petitioner "Case No.: 7:24-cv-01506-LCB-NAD" (Doc. 18 at 1), and accordingly, filed in that action. Because the objections clearly address the Report and Recommendation entered in the instant case, the Clerk of Court was directed to file the objections in this action. *See Ruttanamongkongul v. Warden, FCI Aliceville*, case no. 7:24-cv-01506-LCB-NAD, at Docs. 23, 24.

means of review of a removal order is through a petition for review filed with the appropriate court of appeals. (*See* Doc. 17 at 5, citing 8 U.S.C. § 1252(a)(5), (b)(9)).[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and Petitioner's objections, the court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's findings and **ACCEPTS** the recommendation. Accordingly, this petition for writ of habeas corpus is due to be dismissed without prejudice for lack of jurisdiction.

A separate Final Judgment will be entered.

**DONE** and **ORDERED** this January 26, 2026.

_____
**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE

---

[2] In relevant part, those Code provisions provide that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter …." 8 U.S.C. § 1252(a)(5), and that, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States … shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision … to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9).

In other words, Petitioner is free to raise a due process challenge to her immigration proceedings, but must do so with the appropriate appellate court in a petition for review of her final order of removal filed.